UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES TERRY BREWSTER (#126137)

VERSUS                                   CIVIL ACTION

RICHARD STALDER, ET AL                   NUMBER 08-387-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 27, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES TERRY BREWSTER (#126137)

VERSUS                                              CIVIL ACTION

RICHARD STALDER, ET AL                              NUMBER 08-387-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Avoyelles Correctional Center, Cottonport, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Richard Stalder and Louisiana Parole Board Chairman Robert Barbor.  Plaintiff alleged that he was held beyond his full term release date in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989);

*Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

    Plaintiff alleged that while on parole in 2001, he was arrested on other criminal charges. Plaintiff alleged that on July 17, 2001, the Parole Board deferred parole revocation proceedings. Plaintiff alleged that although the criminal charges were dismissed on August 8, 2001, the Parole Board revoked his parole on September 18, 2001. Plaintiff alleged that he filed suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. Plaintiff alleged that on May 3, 2004, Nineteenth Judicial District Court Judge Janice Clark entered an order directing the Louisiana Parole Board to reinstate the plaintiff's parole. Plaintiff alleged that the Parole Board released him on June 14, 2004, and he was released from custody on July 13, 2004. Plaintiff alleged that his sentence was not credited with the 32 months and 25 days he was held in custody between the date his parole was revoked and the

2

date the Parole Board reinstated his parole. Plaintiff sought credit toward his sentence and monetary damages.[1]

Plaintiff's claim regarding denial of jail credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987).

Additionally, unless the plaintiff can demonstrate that a state court or other authorized tribunal has determined that he has been improperly denied jail credits, he has no damages claim against the defendants cognizable under section 1983. *See, Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

---

[1] Plaintiff is now confined in Avoyelles Correctional Center. Although not clearly explained in his complaint, the court assumes the plaintiff's parole was revoked a second time and he is now serving the balance of his original sentence. Otherwise, there is no point to the plaintiff seeking credit against his sentence for the time he was in custody following the first parole revocation.

Plaintiff's claim falls squarely within the Court's holding in *Heck*. Plaintiff's damage claim seeks monetary damages for the deprivation of jail credits and directly calls into question the lawfulness of length of his confinement. Because the permanent deprivation of his jail credits essentially increases the plaintiff's sentence, a judgment in the plaintiff's favor would necessarily imply that his increased sentence is invalid. *Heck*, 114 S.Ct. at 2372. Yet, the plaintiff failed to show that he has successfully challenged his confinement or sentence in any other proceeding. Plaintiff offered no proof that the denial of his jail credits has been reversed, expunged set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, the plaintiff's denial of jail credits claim is not cognizable under § 1983 at this time. Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Because *Heck* dictates that a cause of action seeking damages under § 1983 for an allegedly unconstitutional imprisonment does not accrue until the length of imprisonment has been invalidated, the § 1983 complaint should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994); *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994); *Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, June 27, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5